2013-25 Neutrino Development v. Sonosite, Mr. Krieger. Good morning, Your Honor. Paul Krieger for Sonosite, the appellant, along with Mr. Hawes at the counsel table. This case is about, we contend, inequitable conduct before the patent attorney and an expert in the patent law who didn't even tell the examiner he was a patent attorney, signed all of the documents as the applicant. Mr. Rodano, the facts are in the briefs, but he was on the horns of a dilemma when he filed the amendment that is at issue in this case. He found out he had a patent and a pending patent application that covered an erectile dysfunction device and covered only that. It was a therapeutic product which used ultrasound. He found out about our client's product, Sonosite's product, called the Sonosite 180, and decided that he wanted to have claims broad enough to cover that product. You have two claims with respect to inequitable conduct issue, correct? That's correct. Which the district court addressed, but the district court did not address your claim that there was inequitable conduct by reason of failure to disclose the Sonosite 180, is it? That's correct, Your Honor. Assuming we were to, in your view, even if we affirmed the district court with respect to the new matter issue, you would urge to send it back for the court to address the remand, but both of those issues are tied together. It's not this, I have not added new matter as one separate issue and the Sonosite 180 as a separate issue. What this case is all about is Mr. Rodano recognized he needed to claim priority to the earlier 9-0-1. What I'm trying to understand is you would say even if one were to affirm the district court on the new matter issue, you would say, I think, and correct me if I'm wrong, that there's still an inequitable conduct issue with respect to the Sonosite 180, failure to disclose that to the examiner. Yes, Your Honor, I agree with that. We are still asking for remand on the 180, but we still believe that these issues are intertwined. You raised the 180 inequitable conduct issue in the district court? Yes, Your Honor, we did. As a matter of fact, it's in our brief on pages 59 and 61 of the record, and we did raise that issue. That's the brief before the district court? Yes, Your Honor. It's discussed in detail on those pages of our motion for exceptional case. Back to the facts. We believe these issues are intertwined because Mr. Rodano recognized he had to have the priority date of this earlier application in order to prevent the 180 from being prior art against his pending application. On that issue, though, isn't it really, again, the new matter issue, isn't it really a situation here, I mean, as I understand, the district court took the view, well, everything, there was nothing hidden from the examiner in terms of what was on paper, and the examiner, contrary to your view as to what he should or she or she should have done, bought, is it Rodano or Rodando? Rodano. Mr. Rodano's argument. So, I mean, isn't it really just a case of, you know, everything was there, Mr. Rodano made arguments, and they were proved incorrect in the subsequent litigation, but, you know, the court took the position of basically attorney argument. Well, that's true. And they said that. But if you look at GFI v. Franklin, and you look at the Lee's second family cases, if there is relevant information, even though there's information in the record that's before the examiner, the applicant or the attorney, in this case, still has the obligation to point out to the examiner that what he is trying to do, and in this case, he was trying to claim priority back to the 901 application. He put in what we believe is a deceptive way the new matter and the broader claims in the amendment, the May 2000 amendment, without disclosing to the examiner the 180, the sonocyte 180, which was prior art, and he knew about it, and without disclosing that he needed to get back to that priority date. You're saying, are you suggesting that, leaving aside the sonocyte 180 issue for the moment, are you suggesting that if he had sort of headlined the fact, I'm doing this in order to get back to an earlier priority date, that there would be no problem? Is that a key point here? I think that is a key point, Your Honor. But the reason for this was not disclosed? Sure. This was an attorney argument. It's not like the eugenetics case that, of course, recently decided several weeks ago, where it was considered boilerplate to say that the prior art just is not material, or these references are not material. To get to another important aspect, in my view, what is your thought? Do you intend to discuss the question of the trial judge's discretion, whether or not inequitable conduct is found? You're not telling us that the award of attorney's fees is automatic if inequitable conduct is found, or if it's a close question? We believe that on the, this is not new matter point, our arguments are that the trial judge was clearly erroneous, regardless of whether you apply the reasonable examiner standard, or the subjective but-for standard. He also The question is, even if we accept this premise, the trial judge still has discretion, does he not, in terms of whether or not to award attorney's fees? What is your thought as to where or how that discretion may have been abused in this case? I don't know that it's an abuse of discretion yardstick here, Your Honor. I think getting back into whether he applied the right standard for materiality, whether the trial judge was clearly erroneous, and we believe for sure, by not considering the 180. You're discussing whether or not there was clear error in deciding that there was inequitable conduct. That's correct, Your Honor. My question is directed to, even if there were inequitable conduct, the discretion of the court in connection with exceptional case and separate discretion in connection with attorney fees. Okay. I think it was an abuse of discretion not to consider the 180, and to hold that there was no inequitable conduct without considering the impact of Mr. Rodano's actions, without discussing or even considering that he was trying to broaden his claim to cover a prior art, if he can't get back to his priority date, and did not disclose that fact to the examiner. Did I answer your question, Your Honor? No. Oh. Okay. I'll ask it again. I tried. Let us accept, for the purpose of my question, that we agree that there was inequitable conduct. Our cases still give the trial judge discretion in connection with exceptional case, and when there is found to be an exceptional case, whether there is or is not an award of attorney's fees. In that case, we would have to say he abused his discretion by not finding an exceptional case because he did not, he was clearly erroneous in the way he applied the standard. But even if one were to assume that he was, the trial judge was in error in deciding this was not an exceptional case, even if this is viewed as an exceptional case, doesn't the trial judge still have discretion, whether or not to award attorney fees? I agree with that, Your Honor, but here we have a situation where- In the district court, as I read the district court's opinion, the district court didn't reach that last question of discretion. He didn't seem to say that. What he seemed to say was that there's no inequitable conduct here, and therefore, this is not an exceptional case, but he didn't seem to me to go beyond and say, and even if this were an exceptional case, I wouldn't award attorney's fees. We don't know, do we, what the trial court would do if it were determined that this is an exceptional case. That's correct. We do not know that. I, maybe I'm mistaken. Is all you're asking us to do is to remand this case for the district court to make that determination. You're asking us to hold that the district court was wrong in saying it was not an exceptional case, and therefore, it being an exceptional case, it now has to go back to the district court to determine whether or not, in this exceptional case, attorney fees will be awarded. You articulated it much better than I did, Your Honor. I agree with you. Mr. Cree, you're really saying, though, that there was never, I mean, you posit, I guess, that in an inequitable conduct analysis, you first balance materiality and intent. You look at materiality, you look at intent, then our cases say you go through the balancing process. You're saying here that on the new matter issue, the judge got it wrong on materiality and intent, and that he never at all considered the 180 issue. And then, as I understand your position, in terms of the exceptional case, he never even considered at all any of the alleged litigation misconduct issues, correct? He did consider the litigation misconduct issues. I think they're at the tail end of his decision, but I don't, again, we believe that was clear error, too, because we contend there was litigation misconduct based on the apartheid communications between Mr. Rodano, who is an attorney, with Sonocyte to find out how successful their product was and details about the product after the lawsuit was filed, plus his attorneys calling stock analysts, telling them that, trying to encourage a settlement, telling them that this is a $500 million problem for Sonocyte. Well, the judge considered bad faith litigation, okay? That's correct. Based on what he had determined with respect, I guess, to kind of inequitable conduct on the new matter issue. But I didn't see anything in here about the question about the, I can't remember the lady's name, calling the stock analyst and the point of Mr. Rodano contacting people at the company and the attorneys allegedly putting their name on a mailing list or something. I didn't see those things considered. That's correct, Your Honor. He did not get to those issues. He merely had a conclusion that this was not vexatious litigation or it was not unreasonable. So he didn't really get to the litigation misconduct? Not by analyzing the facts and reaching a decision, I agree, yes. Do you wish to save the remainder of your time? Yes, I do, Your Honor. I tried to reserve five minutes, but I'll be brief. Okay, you have about three minutes left. Okay, thank you very much. Mr. Cooper? Mr. Norvell? Good morning. It's Friday afternoon, and this panel's had a real tough week deciding appeals. But it decides to take some time off and go have a nice steak dinner. And the waiter comes to you and says, how would you like your steak? We offer it well done, medium, medium rare, rare, and raw. That's Sonosite's view of the world. They can tell the district court which of the five standards for materiality that it wants it to decide. That's not the way it works. The court tells the... Mr. Norvell, let me ask you, assume for the moment, let's pause at this situation. Assume for the moment one were to agree with the district court with respect to the new matter issue. And say that we don't see a reason to disturb the decision of the district court on that point. Okay. You would prevail on that issue, correct? Yes. Okay, now, what about, though, these other issues? The Sonosite 180, the bad faith litigation, and the litigation misconduct issues. What about those issues? At least the Sonosite 180 and the litigation misconduct issues don't appear to have been addressed by the district court. And our cases do seem to say that you can't just have a broad brush kind of denial. You have to address the contentions. Don't we need to send it back for those? Judge Shaw, I'm glad you brought that up because I was going to address that anyway. But Sonosite 180 is a red herring if there ever was one. And the reason for that is if Mr. Rodano honestly thought, and there was no malice, no inequitable conduct, that he was entitled to the original filing date, he had no duty to bring to the attention of the patent office the Sonosite 180 information. So they're intertwined. So, I mean, how many times can you kill a dead horse? If there is an inequitable conduct, then the patent is invalid. You don't even need to reach the 180 issue. And the 180 issue was before the court. It did not comment on it in its opinion. And it's presumed that the court considered it. And correct me if I'm wrong, but our cases do seem to say that an issue has to be considered. And, I mean, even assume there's no inequitable conduct on the new matter, there's still the contention that the 180 should have been disclosed. Now, you may well, if it's aired, prevail on the merits on it. No question about it. I'm not saying who's right or wrong on the merits, or who's right or wrong on the alleged litigation misconduct questions. But don't those questions have to be addressed? Absolutely not. And the reason for it is, if you find, if you uphold and affirm the district court on no inequitable conduct, then I don't see how, what difference does it make with respect to whether or not the Sonocite 180 was prior art or not. If there was no deceptive intent, or no materiality, then what difference does it make about the 180? It's very clear that that's only effective prior art, and that he had a duty to disclose that to the patent office, if he didn't really, honestly, in his heart of hearts, believe that he was entitled to his priority date for filing purposes. Well, what about then, leaving that for a moment, what about the litigation misconduct? The allegations with respect to the lady contacting the stock analyst or the firm, Mr. Radano, at the time of the filing, making contact to Sonocite, and then the allegation about the attorneys posting names on a website and so forth, or registering their season. I mean, those were not addressed. Now, again, in terms of litigation misconduct, separate and distinct from inequitable conduct. It was before the district court in the filings. I do not believe that the law is that the judge has to consider every little factual point that is raised at the district court level. No, no, no, don't worry, it's a free-flowing dialogue here. I mean, those were distinct points, though, that were raised in connection with a claim of litigation misconduct for an exceptional case argument, separate and distinct from the inequitable conduct. Well, he has to prove it by clear and convincing evidence, and it was before the district court. Now, just because he didn't mention it specifically in his order doesn't mean that it was before him, and that he considered it, and he considered it against. Would you agree that if our cases, and maybe there's a question on this, but if our jurisprudence seemed to say that it has to be affirmatively addressed, then it would have to go back on those issues? But there's also some of our jurisprudence, I've written a couple of those opinions, saying the fact that the judge did not explicitly discuss a point in his opinion doesn't mean he didn't consider it, because the judge may say, well, I thought of that point, but that's not even worth mentioning, in my opinion. Well, I think that's... In other words, is it necessary in every one of these cases that every single point has to be addressed by the judge explicitly and in detail, or it is said the judge didn't consider it? I think our jurisprudence has indicated that you're not going to make that presumption. That's my understanding of your jurisprudence, Judge Friedman, and that's the point. You made it a lot more eloquently than I did, but that's the point that I was trying to make to Judge Shaw, and we did point that out in our briefs. If the law were that way, Judge Shaw, that would mean that in every order of every district court that came out, they'd have to address each and every factual issue that was raised. I just don't believe that that's the burden that this court wants to put on our trial courts. He had all of the briefing. This case was very well briefed by both parties. He had it, and he considered it, and he handed down what I think is a very excellent trial court opinion on a difficult position, difficult arguments. Any more questions? Anything else you need to tell us? I just want to point out to the court that we have filed a motion for frivolous appeal. Would the court like for me to address that or not? I'll be happy to do it if you want. If not, I'll stand down. Basically, I believe I've addressed all of your questions. We have the motion in the record. All right. Thank you. I'll stand down, Judge Newman. Thank you. Thank you, Mr. Norvell. Mr. Krieger, you have three minutes. I'd just like to address the point about even though the trial judge did not address the issue of the 180 or the litigation misconduct, I'd just like to point to the consolidated aluminum case where it says, we have repeatedly noted that when findings are required on the exceptional case issue, such finding must initially be the province of the district court. In that case, they required findings not to be required on certain issues because the court said the record is replete with undisputed facts that unequivocally support the district court's action in denying the motion. We submit that these facts are contested. It doesn't fall within what the consolidated aluminum court held. We also would like to direct the court's attention to A.B. Chance v. RTE, where this court held that the district court has not addressed an issue you must assume that it wasn't considered. So we believe that those issues, or at least the 180 issue, should have been considered by the court as well as the litigation misconduct. Okay. Thank you, Mr. Krieger. I'll confirm the record with any other discussion. Thank you, Your Honor. Okay. Thank you both. The case is taken under submission.